IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01373-BNB

JASON LEE MARKER,

Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 5 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Jason Lee Marker, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Marker initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a supporting brief. He paid the $5.00 filing fee required for a habeas corpus action.

On August 19, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On September 9, 2008, Respondent filed a preliminary response. On September 23, 2008, Applicant filed a reply.

The Court must construe Mr. Marker's application and reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Marker currently is serving a sixty-month sentence imposed by the United States District Court for the District of Montana for transporting firearms interstate by a felon and uttering counterfeit obligations. His projected release date, via good-conduct-time release, is November 4, 2010. He alleges that he has been denied 410 days of pretrial and post-conviction detention credits towards his sixty-month federal sentence pursuant to 18 U.S.C. § 3585(b). Supporting brief at 5. As relief, he appears to be asking the Court to apply § 5G1.3(b)(1) of the United States Sentencing Guidelines (USSG) to adjust his prison sentence downward by thirteen months and twenty days. According to Applicant, he would be left with a new prison term of "46 months and 10 days." Supporting brief at 5. USSG § 5G1.3(b)(1) provides that where "a term of imprisonment resulted from another offense that is relevant to the instant offense of conduct under [certain provisions] . . . , the sentence for the instant offense shall be imposed as follows: the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such a period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

Although the record shows that Mr. Marker appears to have exhausted BOP administrative remedies as to his asserted claim, he did not exhaust them prior to initiating the instant lawsuit. Exhaustion of administration remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See *Williams v. O'Brien*,

2

792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The BOP administrative remedy program available to federal prisoners such as Mr. Marker, *see* 28 C.F.R. §§ 542.10 - 542.19, allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." *See* 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

In the instant action, Mr. Marker exhausted his BOP administrative remedies only after filing the instant habeas corpus application with this Court. In fact, in the application received on June 23, 2008, and filed with the Court on June 30, 2008, Mr. Marker concedes that he failed to exhaust BOP administrative remedies, argues that Respondent failed to respond to his grievances, and maintains that exhaustion is futile.

The record shows that Mr. Marker did not file his BOP step-three grievance, a Central Office Administrative Remedy Appeal known as a BP-11, *see* 28 C.F.R. § 542.15, until July 1, 2008, and that he did not receive a response from the administrator of National Inmate Appeals until August 18, 2008, thus completing his exhaustion of the BOP's three-step, grievance procedure. Therefore, he initiated the instant action without first complying with the available administrative remedies.

As previously stated, the United States Court of Appeals for the Tenth Circuit has held that before a federal inmate may seek review of complaints relating to aspects

3

of his imprisonment, such as computation of his sentence, he must exhaust the administrative remedies set forth in 28 C.F.R. § 542.13 - 542.16. *See Williams*, 792 F.2d at 987. Because the BOP is in a "superior position to investigate the facts, judicial intervention usually is deferred until administrative remedies have been exhausted." *Id.* Circumventing the administrative exhaustion process by filing a habeas corpus application before exhausting undermines the system designed for effective and efficient administration of justice. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). This Court agrees. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 4 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01373-BNB

Jason Lee Marker
Reg. No. 09883-040
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/5/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk